THE HONORABLE ROBERT S. LASNIK

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JEANETTE PORTILLO, et al.,

                    Plaintiffs,

    v.

COSTAR GROUP INC, et al.,

                    Defendants.

Case No. 2:24-cv-00229-RSL

**STIPULATED PROTECTIVE ORDER**

STIPULATED PROTECTIVE ORDER

HAGENS BERMAN

**1.** **PURPOSES AND LIMITATIONS**

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

**2.** **DEFINITIONS**

2.1     Action or Litigation:  Action or Litigation refers to the above-captioned litigation, *Portillo v. CoStar Group, Inc.*, Case No. 2:24-cv-00229, proceeding in the Western District of Washington.

2.2     Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.3     Counsel (without qualifier): Outside Counsel of Record or In-House Counsel, and their support staff, including but not limited to paralegals, secretaries, law clerks, contractors, and investigators.

2.4     Designating Party: A Producing Party or Non-Party designating documents or information as Protected Material under this Order.

2.5     Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, and information derived directly therefrom.

2.6     Expert: A person with specialized knowledge or experience in a matter pertinent to the Litigation, along with her or his employees and support personnel, who has been retained by a Party or its Counsel to serve as an Expert witness or as a consultant in this Action.

HAGENS BERMAN

2.7     <u>In-House Counsel</u>: Attorneys who are employees of a Party and whose responsibilities include overseeing, working on, or supporting this Action. In-House Counsel does not include Outside Counsel of Record or any other outside Counsel.

2.8     <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9     <u>Outside Counsel of Record</u>: Attorneys, along with their associates, paralegals and other firm support personnel, who are not employees of a Party but who are retained to represent or advise a Party to this Action.

2.10    <u>Party</u>: Any Party to this Action, including all its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.11    <u>Producing Party</u>: A Party or Non-Party that produces Discovery Material in this Action.

2.12    <u>Protected Material</u>: Any Discovery Material that is designated as "Confidential," "Highly Confidential," or "Outside Counsel Only," as defined below.

2.13    <u>Receiving Party</u>: A Party that receives Discovery Material from a Producing Party.

**3.      PROTECTED MATERIAL**

"Confidential," "Highly Confidential," and "Outside Counsel Only" material is defined as follows:

1.      <u>Confidential Material</u>.  As used in this Order, "Confidential" material means any document(s), or any portion(s) thereof, that the Producing Party reasonably believes contain, describe, or disclose sensitive, non-public, confidential information, such as: (a) information that is subject to restrictions on its use or disclosure by statute, regulation, court order, or contractual agreement; (b) research, technical, commercial, or financial information that the Party has maintained as confidential; (c) medical information concerning any individual; (d) personally identifying information, including but not limited to non-Party names, social security numbers, phone numbers, home addresses, email addresses and other information subject to redaction under Local Civil Rule 5.2; (e) income tax returns (including attached schedules and forms), W-2 forms

HAGENS BERMAN

and 1099 forms; (f) personnel or employment records of a person who is not a Party to the Litigation; or (g) any commercially sensitive information, trade secrets, or competitive or strategic initiatives that are not readily ascertainable and for which the Designating Party has taken reasonable steps to maintain confidentiality. The Parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential material. All copies of, summaries of, and information derived from Confidential material is Confidential material.

2.      Highly Confidential Material**.**  As used in this Order, "Highly Confidential" material means any material that a Producing Party reasonably believes to be so highly sensitive business or personal information that its disclosure would be likely to cause competitive or business injury to the Producing Party. Highly Confidential material may include: (a) current or future business strategies and other strategic planning information; (b) current or future manufacturing know-how or technology; (c) current or future customer lists or information; (c) source code and proprietary software, systems, or processes; (d) wages or benefits information; or (e) intellectual property.  If required by applicable privacy laws, Highly Confidential material may also include personnel files that are designated as such for purposes of this Litigation. All copies of, summaries of, and information derived from Highly Confidential material is Highly Confidential material.

3.      Outside Counsel Only Material.  As used in this Order, "Outside Counsel Only" material means material that the Producing Party reasonably believes is so competitively sensitive that it is entitled to additional protection via a "Outside Counsel Only" designation, and disclosure of such information would create a substantial risk of serious harm that could not be avoided by less restrictive means. Outside Counsel Only material may include: (a) current or future pricing, pricing strategies, and processes used to determine pricing; (b) current or future projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) current or future margin or cost data; or (d) contracts or the negotiation of contracts for a Party's products or services.  All copies of, summaries of, and information derived from Outside Counsel Only material is Outside Counsel Only material.

**HAGENS BERMAN**

**4.      SCOPE OF ORDER**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**5.      ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation, including any appeal thereof, and not for any other business, commercial, or other purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Subject to the provisions below, a Receiving Party shall not disclose Protected Material to putative class members not named as plaintiffs in this Action, unless and until one or more classes have been certified. Nothing in this Stipulated Protective Order, however, shall prevent or prejudice any Party from using its own documents for any purpose, including privately disclosing its own Protected Material to others not mentioned in Paragraphs 5.2, 5.3, or 5.4, and such private disclosure shall not waive the protections of this Stipulated Protective Order. Protected Material must be stored and maintained by a Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2      <u>Disclosure of "Confidential" Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential material only to:

(a)      <u>Counsel</u>: The Receiving Party's Counsel (including their support staff) to whom it is reasonably necessary to disclose the information for this Litigation;

STIPULATED PROTECTIVE ORDER – 4

**HAGENS BERMAN**

(b)     <u>Parties</u>: Individual Parties, officers, directors, employees, or former employees of a Party, but only to the extent that: (a) the Outside Counsel of Record for the Party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the individual Party, employee, or former employee has knowledge; and (b) disclosure to such individual Party, employee, or former employee is limited to the portion of the document about such events, transactions, discussions, communications, or data;

(c)     <u>Consultants and Experts</u>: Experts and consultants to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     <u>Court and Court Reporters</u>: The Court, Court personnel, and court reporters, videographers, and their staff;

(e)     <u>Contractors</u>: Professional vendors, including e-discovery vendors and their staff, copy or imaging services and their staff, and professional jury or trial consultants and their staff and mock jurors, to whom disclosure is reasonably necessary for this Litigation;

(f)     <u>Witnesses at Hearings and Depositions</u>: During their depositions or at trial, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that Outside Counsel of Record for the Party intending to disclose the information has a good-faith basis for believing such Confidential material is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. A witness who is shown documents or information containing Confidential material but who is not otherwise authorized to have access to copies of documents or testimony containing the Confidential material shall not retain or copy portions of the transcripts of their depositions or testimony or any documents that contain the Confidential material, except to the extent necessary for the witness to review, make any changes, and sign the deposition transcript pursuant to Federal Rule of Civil Procedure 30(e) and this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to

HAGENS BERMAN

depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     Author or Recipient: The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the document solely in the course of this Action);

(h)     Identified Persons: Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that (i) Outside Counsel of Record for the Party intending to disclose the information has a good-faith basis for believing such Confidential information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; (ii) disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and (iii) such person has signed the "Acknowledgment and Agree to Be Bound" (Exhibit A);

(i)     Insurance: Relevant employees of any insurer to a Receiving Party to the extent that such disclosure is reasonably necessary for the defense of that Receiving Party in this Action;

(j)     Mediators:  Mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel; and

(k)     Others by Consent: Other persons only by written consent of the Producing Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

5.3     Disclosure of "Highly Confidential" Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Highly Confidential material only to:

(a)     Counsel: The Receiving Party's Outside Counsel of Record (including their support staff), as well as In-House Counsel of the Receiving Party (1) who have no direct

**HAGENS BERMAN**

involvement in competitive decision-making[1] (other than to provide legal advice regarding such decision-making), (2) to whom disclosure is reasonably necessary for this Litigation, and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)     Consultants and Experts: Experts and consultants to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Court and Court Reporters: The Court, Court personnel, and court reporters, videographers, and their staff;

(d)     Contractors: Professional vendors, including e-discovery vendors and their staff, copy or imaging services and their staff, and professional jury or trial consultants and their staff and mock jurors, to whom disclosure is reasonably necessary for this Litigation;

(e)     Witnesses at Hearings and Depositions: During their depositions or at trial, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that Outside Counsel of Record for the Party intending to disclose the information has a good-faith basis for believing such Highly Confidential material is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. A witness who is shown documents or information containing Highly Confidential material but who is not otherwise authorized to have access to copies of documents or testimony containing the Highly Confidential material shall not retain or copy portions of the transcripts of their depositions or testimony or any documents that contain the Highly Confidential material except to the extent necessary for the witness to review, make any changes, and sign the deposition transcript pursuant to Federal Rule of Civil Procedure 30(e) and this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential material must be

---

[1]  The term "competitive decision making," as used in Paragraph 5.3(a), means decision-making concerning hotel business strategy (including setting prices, product development, business plans, and marketing).

HAGENS BERMAN

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f)     <u>Author or Recipient</u>: The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the document solely in the course of this Action);

(g)     <u>Identified Persons</u>: Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that (i) Outside Counsel of Record for the Party intending to disclose the information has a good-faith basis for believing such Highly Confidential information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; (ii) disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and (iii) such person has signed the "Acknowledgment and Agree to Be Bound" (Exhibit A);

(h)     <u>Insurance</u>: Relevant employees of any insurer to a Receiving Party to the extent that such disclosure is reasonably necessary for the defense of that Receiving Party in this Action;

(i)     <u>Mediators</u>:  Mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel; and

(j)     <u>Others by Consent</u>: Other persons only by written consent of the Producing Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

5.4     <u>Disclosure of "Outside Counsel Only" Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Outside Counsel Only material only to:

(a)     <u>Counsel</u>: The Receiving Party's Outside Counsel of Record (including their support staff);

HAGENS BERMAN

(b)     <u>Consultants and Experts</u>: Experts and consultants to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     <u>Court and Court Reporters</u>: The Court, Court personnel, and court reporters, videographers, and their staff;

(d)     <u>Contractors</u>: Professional vendors, including e-discovery vendors and their staff, copy or imaging services and their staff, and professional jury or trial consultants and their staff and mock jurors, to whom disclosure is reasonably necessary for this Litigation;

(e)     <u>Witnesses at Hearings and Depositions</u>: During their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that Outside Counsel of Record for the Party intending to disclose the information has a good-faith basis for believing such Outside Counsel Only material is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. A witness who is shown documents or information containing Outside Counsel Only material but who is not otherwise authorized to have access to copies of documents or testimony containing the Outside Counsel Only material shall not retain or copy portions of the transcripts of their depositions or testimony or any documents that contain the Outside Counsel Only material except to the extent necessary for the witness to review, make any changes, and sign the deposition transcript pursuant to Federal Rule of Civil Procedure 30(e) and this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Outside Counsel Only material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f)     <u>Author or Recipient</u>: The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information (not including a person who received the document solely in the course of this Action);

HAGENS BERMAN

(g)     Insurance: Relevant employees of any insurer to a Receiving Party to the extent that such disclosure is reasonably necessary for the defense of that Receiving Party in this Action;

(h)     Mediators: Mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel; and

(i)     Others by Consent: Other persons only by written consent of the Producing Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

**6.     DESIGNATING PROTECTED MATERIAL**

6.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to Discovery Material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection or the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing or changing the mistaken designation. Notwithstanding the preceding sentence, should a Producing Party discover that it produced Discovery Material that was not designated as Protected Material or that it produced Discovery Material designated in the incorrect category of Protected Material, the Producing Party shall notify all Receiving Parties, in writing, of the error and identify (by Bates number or other individually identifiable information) the affected documents and their new designation or re-

designation. Thereafter, the material so designated or re-designated will be treated as the corrected category of Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.

6.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, any disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: A Designating Party may designate a document (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) as Confidential, Highly Confidential, or Outside Counsel Only under this Stipulated Protective Order by placing or affixing the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. To the extent it is not practicable to affix such designation on the document, the Producing Party may designate the document as such by cover letter or slip sheet, or by affixing a label to the production media containing the document. As used in this Stipulated Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential, Highly Confidential, or Outside Counsel Only material. Subject to Section 6.3, the marking "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" shall be applied prior to or at the time the documents are produced or disclosed.

(b)    Testimony given in deposition or in other pretrial proceedings: Unless a Party designates otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this Litigation and the information included in that testimony (including exhibits) shall be treated as Highly Confidential for a period of 30 days after the receipt of the final transcript of the deposition or until a Notice of Designation is served by the Party or Non-Party

HAGENS BERMAN

being deposed, whichever comes first.  If a Party or Non-Party reasonably believes that certain deposition testimony should be treated as Outside Counsel Only during the 30 day period, it shall state so on the record, including the specific portions of testimony that should be accorded Outside Counsel Only treatment.  No later than 30 days after the receipt of the final transcript of the deposition, a Party or Non-Party may designate portions of the transcript, or exhibits thereto, as Protected Material by serving a Notice of Designation to all Parties and the court reporter for the deposition in question as to specific pages and lines of the transcript and exhibits that are designated Confidential, Highly Confidential, or Outside Counsel Only.

        (c)    <u>Use of Protected Material at hearings</u>: Nothing in this Stipulated Protective Order shall be construed to limit the use of any document(s) at any hearing provided that the Parties take necessary advanced precautions to avoid the public disclosure of Protected Material. A Party that intends to present, or that anticipates that another Party may present, Protected Material at a hearing, shall, when practicable, bring that issue to the Court's and the Parties' attention sufficiently in advance of the proceeding without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such documents at hearings. If a Party or Non-Party desires to limit the disclosure of Protected Material at trial, the issue should be addressed during the pre-trial conference.

        (d)    <u>Other tangible items</u>: The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY."

6.3    <u>Inadvertent Failures to Designate</u>. If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon correction of a designation, the Receiving Parties must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2      <u>Meet and Confer</u>. The Parties must attempt in good faith to resolve any dispute regarding confidentiality designations without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a video or telephone conference. If agreement is reached confirming, changing, or waiving the confidentiality designation as to any Protected Material subject to the objection, the Designating Party shall serve on all Parties a notice specifying the Discovery Material and the nature of the agreement and comply as appropriate with the procedures described above for changing the designation of previously designated materials.

7.3      <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to challenge confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to maintain the material in question as originally designated until the Court rules on the challenge, or the challenge is otherwise resolved.

HAGENS BERMAN

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a)    promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose confidential material may be affected.

The purpose of imposing these duties is to alert interested persons to the existence of this Stipulated Protective Order and to afford the Designating Party in this Litigation an opportunity to protect its confidentiality interests in the court from which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Discovery Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER – 14

**HAGENS BERMAN**

**10.   PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d), as set forth herein.

**11.   CONCLUSION AND RETURN OR DESTRUCTION OF PROTECTED MATERIAL**

Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days after the final termination of this Action, including all appeals, each Receiving Party must use reasonable efforts to either return all Protected Material to the Producing Party, including all copies, extracts and summaries thereof, or destroy such materials and certify that fact in writing, unless (1) the Protected Material has been entered as evidence or filed (unless introduced or filed under seal), or (2) the Protected Material is included in an e-mail or an attachment to an e-mail or contained in deposition transcripts or drafts or final expert reports.

The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with this Stipulated Protective Order and destroyed in due course.

Notwithstanding this provision, Counsel are entitled to retain (1) attorney work product and (2) an archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, Expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, provided that such

HAGENS BERMAN

Counsel shall not disclose such Protected Material to any person, except pursuant to this Stipulated Protective Order.

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

HAGENS BERMAN

1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

DATED: August 1, 2024

3

Respectfully submitted,

4

5

/s/ Steve W. Berman

Steve W. Berman, WSBA No. 12536

6

Theodore Wojcik, WSBA No. 55553

Xiaoyi Fan, WSBA No. 56703

7

HAGENS BERMAN SOBOL SHAPIRO LLP

1301 2nd Avenue, Suite 2000

8

Seattle, WA 98101

9

Rio S. Pierce (*pro hac vice*)

10

HAGENS BERMAN SOBOL SHAPIRO LLP

715 Hearst Avenue, Suite 202

11

Berkeley, CA 94710

12

*Counsel for Plaintiffs*

13

14

*s/ Heidi Bradley*                          *s/ Vanessa Soriano Power*

15

Heidi Bradley (WSBA No. 35759)         Vanessa Soriano Power (WSBA No. 30777)

BRADLEY BERNSTEIN SANDS              STOEL RIVES LLP

16

2800 First Avenue, Suite 326          600 University Street, Suite 3600

Seattle, WA 98121                     Seattle, WA 98101

17

Jarrett Arp (*pro hac vice*)             *s/ Lawrence E. Buterman*

18

Mari Grace (*pro hac vice*)              Lawrence E. Buterman (*pro hac vice*)

DAVIS POLK & WARDWELL LLP             LATHAM & WATKINS LLP

19

901 15th Street, NW                   1271 Avenue of the Americas

Washington, DC 20005                  New York, NY 10020

20

Neal Potischman (*pro hac vice*)         Sarah M. Ray (*pro hac vice*)

21

DAVIS POLK & WARDWELL LLP             LATHAM & WATKINS LLP

1600 El Camino Real                   505 Montgomery Street, Suite 2000

22

Menlo Park, CA 94025                  San Francisco, CA 94111

23

Tina Hwa Joe (*pro hac vice*)            Elyse M. Greenwald (*pro hac vice*)

DAVIS POLK & WARDWELL LLP             LATHAM & WATKINS LLP

24

450 Lexington Avenue                  10250 Constellation Blvd. Suite 1100

New York, NY 10017                    Los Angeles, CA 90067

25

*Counsel for Defendant Hilton Domestic*    David L. Johnson (*pro hac vice*)

26

*Operating Company*                    LATHAM & WATKINS LLP

555 Eleventh Street NW, Suite 1000

27

*s/ Michael Rosenberger*                 Washington, DC 20001

Michael Rosenberger (WSBA No. 17730)

28

GORDON TILDEN THOMAS & CORDELL LLP

STIPULATED PROTECTIVE ORDER – 17

**HAGENS BERMAN**

600 University Street, Suite 2915
Seattle, WA 98101

*s/ Douglas E. Litvack*
Douglas E. Litvack (*pro hac vice*)
Lindsay C. Harrison (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412

*Counsel for Defendant Hyatt Corporation*

*/s/ Paul R. Taylor*
Paul R. Taylor (WSBA No. 14851)
BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104

Jeffrey S. Cashdan (*pro hac vice*)
Emily S. Newton (*pro hac vice*)
Lohr A. Beck (*pro hac vice*)
Caroline Buyak (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521

*Counsel for Defendant Six Continents Hotels, Inc.*

*Counsel for Defendants CoStar Group, Inc. and STR, LLC*

*s/ Robert Maguire*
Robert Maguire (WSBA No. 29909)
DAVIS WRIGHT TREMAINE LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104-1610

Katherine B. Forrest (*pro hac vice*)
Matthew A. Robinson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
1285 Avenue of the Americas
New York, NY 10019

Paul D. Brachman (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
2001 K Street, NW
Washington, DC 20006-1047

*Counsel for Defendant Loews Hotels Holding Corporation*

*s/ Kristen C. Limarzi*
Kristen C. Limarzi (*pro hac vice*)
Melanie L. Katsur (*pro hac vice*)
Sarah Akhtar (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Jeffrey B. Coopersmith (WSBA No. 30954)
Steven Fogg (WSBA No. 23528)
CORR CRONIN
1015 Second Avenue, Floor 10
Seattle, WA 98104

*Counsel for Defendant Marriott International, Inc.*

*s/ Robin Wechkin*
Robin Wechkin (WSBA No. 24746)
SIDLEY AUSTIN LLP
8426 316th Place SE
Issaquah, WA 98027

Carrie Mahan (*pro hac vice*)
Benjamin M. Mundel (*pro hac vice*)
S. Nicole Booth (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005

Amy P. Lally (*pro hac vice*)

HAGENS BERMAN

SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067

*Counsel for Defendant Accor Management US Inc.*

## <u>ORDER</u>

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, inadvertently or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection afforded by Federal Rule of Evidence 502(d).

DATED this 2nd day of August, 2024.

Robert S. Lasnik
United States District Judge

HAGENS BERMAN

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Western District of Washington on August 2, 2024, in

the case of *Portillo et al v. CoStar Group Inc et al*, Case No. 2:24-cv-00229-RSL. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


DATE: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER – EXHIBIT A

HAGENS BERMAN