THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEANETTE PORTILLO, et al.,<br><br>                  Plaintiffs,<br><br>  v.<br><br>COSTAR GROUP, INC, et al.,<br><br>                  Defendants. | Case No. 2:24-cv-00229-RSL<br><br>**COSTAR GROUP, INC. AND STR, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO PROVISIONALLY SEAL FIRST AMENDED COMPLAINT AND EXHIBITS 4-7 ATTACHED THERETO**<br><br>**NOTE ON MOTION CALENDAR**: OCTOBER 24, 2025 |

COSTAR GROUP, INC. AND STR, LLC'S RESPONSE
TO PLAINTIFFS' MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  BACKGROUND ................................................................................................................. 1

    A.   STR And The Hotel Defendants' Confidential Information................................. 1

    B.   Compliance with LCR 5(g).................................................................................... 2

III. ARGUMENT ....................................................................................................................... 3

IV.  CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Bund v. Safeguard Props., LLC*,
  2017 U.S. Dist. LEXIS 103798 (W.D. Wash.. July 5, 2017) ....................................................5

*Burrows v 3M Co.*,
  2023 WL 1345429 (W.D. Wash. Jan. 31, 2023)..................................................................3, 6

*Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*,
  2019 WL 5103311 (W.D. Wash. Oct. 11, 2019) ......................................................................3

*E. & J. Gallo Winery v. Instituut voor Landbouw-en Visserijonderzoek*,
  2018 WL 4090585 (E.D. Cal. Aug. 27, 2018)..........................................................................5

*Fairhaven Health, LLC v. Bio-Origyn, LLC*,
  2023 WL 356453 (W.D. Wash. Jan. 23, 2023).........................................................................7

*Foltz v. State Farm Mut. Auto Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ..................................................................................................3

*In re Zillow Grp., Inc. S'holder Derivative Litig.*,
  2019 WL 3428664 (W.D. Wash. July 30, 2019) ......................................................................4

*Lane v. Micro-Focus (US), Inc.*,
  2010 WL 11684303 (W.D. Wash. Dec. 1, 2010) .................................................................5, 6

*Nautilus Biotechnology, Inc. v. SomaLogic, Inc.*,
  2024 WL 4894852 (N.D. Cal. Nov. 26, 2024) .........................................................................5

*Nixon v. Warner Commc'n, Inc.*,
  435 U.S. 589 (1978)..................................................................................................................5

*Northbridge Gen. Ins. Corp. v. Phase II Transportation Inc.*,
  2024 WL 5186827 (W.D. Wash. Dec. 20, 2024).................................................................4, 6

*Replenium Inc. v. Albertsons Cos., Inc.*,
  2025 WL 458839 (W.D. Wash. Feb. 11, 2025).....................................................................5, 6

*Silver Fern Chem., Inc. v. Lyons*,
  2024 WL 3983202 (W.D. Wash. Aug. 29, 2024)......................................................................5

*Sullivan v. Deutsche Bank Americas Holding Corp.*,
  2010 WL 3448608 (S.D. Cal. Aug. 31, 2010) ..........................................................................3

*The Riverside Publ'g Co. v. Mercer Publ'g LLC*,
  2013 WL 1346589 (W.D. Wash. Apr. 3, 2013)........................................................................6

COSTAR GROUP, INC. AND STR, LLC'S RESPONSE
TO PLAINTIFFS' MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

ii

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200

*Vance v. Amazon.com, Inc.*,
  2022 WL 2905926 (W.D. Wash. July 22, 2022) ....................................................................3

**RULES**

Local Civil Rule 5(g)(3)(A) ............................................................................................................2

Local Civil Rule 5(g)(3)(B) ............................................................................................................4

DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

iii

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200

In response to Plaintiffs' Motion to Provisionally Seal Portions of First Amended Complaint and Exhibits 4-7 Attached Thereto (Dkt. No. 120) (the "Motion to Seal"), Defendants CoStar Group, Inc. and STR, LLC (collectively, "STR") respectfully request that the Court grant the Motion to Seal and maintain under seal the following documents: (1) Plaintiffs' First Amended Class Action Complaint (the "Amended Complaint" or "FAC") (Dkt. No. 121), and (2) Exhibits 4 to 7 of the Amended Complaint (Dkt. No 121).

## I.   INTRODUCTION

The Court should grant Plaintiffs' Motion to Seal and maintain the FAC and Exhibits 4 through 7 to the FAC under seal because the redacted paragraphs in the FAC and Exhibits reflect the terms of STR's contracts with its customers, including the Hotel Defendants,[1] and disclose the identity of STR's customers in specific metropolitan areas, all of which is confidential and commercially sensitive business information. Public disclosure of this information would harm STR's competitive standing, which courts have recognized constitutes a compelling reason to maintain sealing. The redacted version of the FAC only redacts 38 out of 267 paragraphs of the 90-page Amended Complaint. The redactions are thus narrowly tailored and are the least restrictive method for allowing public access while also protecting STR's private interest in keeping its commercially sensitive information confidential.

## II.   BACKGROUND

### A.   STR And The Hotel Defendants' Confidential Information

The FAC purports to describe, excerpt, and quote STR's agreements with the Hotel Defendants, FAC ¶¶ 87-103, 163-168, and attaches as Exhibits 4-7, STR's contracts for its benchmarking products with Hyatt (Exhibit 4), Marriott (Exhibit 5), Hilton (Exhibit 6), and IHG (Exhibit 7). FAC Exs. 4-7 (Dkt. No. 121). Plaintiffs' allegations disclose the terms of STR's agreements with the Hotel Defendants, including the specific benchmarking products that the Hotel Defendants purchase for their hotel properties, the frequency with which they receive those

---

[1] The Hotel Defendants are Hilton Domestic Operating Company Inc. ("Hilton"), Hyatt Corporation ("Hyatt"), Six Continents Hotels, Inc. ("IHG"), Loews Hotels Holding Corporation, Marriott International, Inc. ("Marriott"), and Accor Management US Inc.

COSTAR GROUP, INC. AND STR, LLC'S RESPONSE
TO PLAINTIFFS' MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200

reports, as well as, in some instances, the specific prices that the Hotel Defendants pay (or paid) STR for various benchmarking products. FAC ¶¶ 87-103, 163-168. The written agreements attached to the FAC disclose the terms of the commercial relationships between STR and its hotel customers, including the specific prices that its customers pay STR for the benchmarking products and data files they receive, and the specific hotel properties receiving STR's reports, among other commercially sensitive information. FAC Exs. 4-7. The four agreements attached to the FAC include contracts and amendments that remain in effect today, and in some instances, include amendments that detail the commercial terms agreed to by STR and its customers for more than a decade. *See id.*; *see also* Declaration of Daniel McCallum ("Decl.") ¶ 3. STR treats the terms of its agreements with its customers, including the contracts with the Hotel Defendants that are attached to the FAC, as confidential, and the agreements include confidentiality provisions that preclude STR and STR's customers from publicly disclosing the terms of the agreement. *See, e.g.*, FAC Ex. 4 at STR00000094-95, Ex. 5 at STR00000145-47, Ex. 6 at STR00000083-84; Decl. ¶ 2. When STR produced its agreements with the Hotel Defendants to Plaintiffs, it designated the agreements under the Protective Order as Outside Counsel Only, meaning that they can only be shared with outside litigation counsel and may not be shared with the Hotel Defendants themselves. FAC Exs. 4-7; Dkt. No. 106.[2]

The FAC also purports to rely on information that STR produced, and designated as Highly Confidential under the Protective Order, regarding how many hotels, and which specific hotels, receive STR's benchmarking reports, in fifteen metropolitan areas in the U.S. FAC ¶¶ 217-231; Decl. ¶ 5. STR considers that information to be competitively sensitive business information that is only available to STR's subscribing customers. Decl. ¶ 5.

**B.     Compliance with LCR 5(g)**

Pursuant to LCR 5(g)(3)(A), counsel for STR, Sarah Ray and Elyse Greenwald, met and conferred with counsel for Plaintiffs, Rio Pierce, via telephone on September 25, 2025 in an effort

---

[2] The agreements also reflect the confidential information of the contracting Hotel Defendants, and those Hotel Defendants join in STR's request to keep their respective agreements with STR confidential.

COSTAR GROUP, INC. AND STR, LLC'S RESPONSE
TO PLAINTIFFS' MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200

to reach agreement on the need to file the Amended Complaint under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal. Mot. at 2. After their September 25, 2025 call, Mr. Pierce sent Ms. Ray and Ms. Greenwald an excerpt of Plaintiffs' Amended Complaint that included allegations that purported to rely on information that STR produced and designated as either Highly Confidential or Outside Counsel Only under the Protective Order, including STR's agreements with the Hotel Defendants. *See id.* After reviewing Plaintiffs' excerpt, STR's counsel informed Plaintiffs' counsel on October 1, 2025 that the information that Plaintiffs intended to rely on in their Amended Complaint reflected STR's commercially sensitive information and should be filed under seal in accordance with the Protective Order. *See id.*

## III.  ARGUMENT

While there is a strong presumption of public access to court records, including to pleadings like Plaintiffs' FAC, the presumption "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Burrows v 3M Co.*, 2023 WL 1345429, at *1 (W.D. Wash. Jan. 31, 2023) (J. Lasnik) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Under this standard, the party seeking to seal a pleading bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Vance v. Amazon.com, Inc.*, 2022 WL 2905926, at *1 (W.D. Wash. July 22, 2022) (quotations and citations omitted). "Proprietary business information that, if released to the public, has the potential to harm the parties' positions in the industry has been found to satisfy the compelling reason standard." *Id.* at *2 (quotation and citations omitted); *see also Burrows*, 2023 WL 1345429, at *2 ("courts have consistently acknowledged that the risk of competitive harm through disclosure of confidential and proprietary information warrants maintaining documents under seal, even in light of the general presumption of public access to judicial documents"); *Cent. Freight Lines, Inc. v. Amazon Fulfillment Servs.*, 2019 WL 5103311, at *2 (W.D. Wash. Oct. 11, 2019) (sealing information that "relates to confidential business details relating to [a business's] internal processes and procedures, and disclosure of that material could result in improper use by business competitors"); *Sullivan v.*

COSTAR GROUP, INC. AND STR, LLC'S RESPONSE
TO PLAINTIFFS' MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200

1 *Deutsche Bank Americas Holding Corp.*, 2010 WL 3448608, at *2 (S.D. Cal. Aug. 31, 2010) (finding the "likelihood of improper use by competitors and the proprietary nature of the confidential information" was a compelling reason to seal documents); *In re Zillow Grp., Inc. S'holder Derivative Litig.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019) (maintaining under seal an unredacted copy of the complaint which included "confidential business information" that could adversely affect defendant if publicly disclosed).

Under Local Rule 5(g)(3)(B), when a party seeks "to file a confidential document it obtained from another party in discovery" it "may file a motion to seal," and the other party may then file a response, which requires:

> A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: i. the legitimate private or public interests that warrant the relief sought; ii. the injury that will result if the relief sought is not granted; and iii. why a less restrictive alternative to the relief sought is not sufficient.

LCR at 5(g)(3)(B). Here, all three factors support granting the Motion to Seal.

***First***, STR has a legitimate private interest that warrants the sealing of the redacted paragraphs in the FAC and Exhibits 4 to 7 to the FAC, namely, the protection of its commercially sensitive and proprietary business information, including the terms of its confidential agreements with its hotel customers, and information regarding which hotels (and how many hotels) purchase its benchmarking products in which cities in the U.S. Paragraphs 87-103 and 163-168 of the FAC, which STR requests be redacted from the public version of the FAC, and Exhibits 4 to 7 attached to the FAC, reflect commercially sensitive information regarding STR's contracts with its hotel customers, including the specific terms that have and continue to govern their relationship, the specific products that STR's customers purchase, and the prices that they pay for those products, among other confidential transactional information. FAC ¶¶ 87-103, 163-68; FAC Exs. 4-7. It is well-settled that the release of commercially sensitive information, including the terms of confidential customer contracts constitutes a compelling reason for sealing that is sufficient to outweigh the public's interest in disclosure. *See, e.g.*, *Northbridge Gen. Ins. Corp. v. Phase II Transportation Inc.*, 2024 WL 5186827, at *1 (W.D. Wash. Dec. 20, 2024) (finding "compelling

COSTAR GROUP, INC. AND STR, LLC'S RESPONSE
TO PLAINTIFFS' MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200

reasons" to seal lease agreements which contain "confidential financial" and "business transaction information"); *Replenium Inc. v. Albertsons Cos., Inc.*, 2025 WL 458839, at *2 (W.D. Wash. Feb. 11, 2025) (granting motion to seal "pricing information and terms of confidential contracts"); *Nautilus Biotechnology, Inc. v. SomaLogic, Inc.*, 2024 WL 4894852, *2 (N.D. Cal. Nov. 26, 2024) (finding compelling reasons to seal plaintiff's amended complaint that contained "confidential business information regarding Defendants' license agreements").

The FAC also discloses detailed information regarding the number of customers STR has in specific cities and the identities of those customers. FAC ¶¶ 217-231. This information is in essence a form of a customer list, and courts have recognized that the private interest in keeping confidential customer lists and the identities of a business's customers constitutes a compelling reason to justify sealing. *See Silver Fern Chem., Inc. v. Lyons*, 2024 WL 3983202, at *4 (W.D. Wash. Aug. 29, 2024) (granting sealing of "lists" of defendant's "customers and/or associated financial information" under compelling reasons standard); *Lane v. Micro-Focus (US), Inc.*, 2010 WL 11684303, at *2 (W.D. Wash. Dec. 1, 2010) (holding that exhibits which contain customer lists and forecast data should remain under seal because defendant's interest in keeping this data private outweighs the public's interest in accessing this information); *see also E. & J. Gallo Winery v. Instituut voor Landbouw-en Visserijonderzoek,* 2018 WL 4090585, at *3 (E.D. Cal. Aug. 27, 2018) (granting sealing of customer lists because "its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who might only be interested . . . .").

In contrast to STR's legitimate interest in keeping confidential the terms of its commercial relationships with its customers and the identities of its customers in specific geographic areas, the public does not have a legitimate interest in STR's sensitive commercial information. The Supreme Court has established that the public's "right to inspect and copy judicial records is not absolute" and "has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978); *see also Bund v. Safeguard Props., LLC*, 2017 U.S. Dist. LEXIS 103798, at *9 (W.D. Wash.. July 5, 2017) (granting motion to seal because

COSTAR GROUP, INC. AND STR, LLC'S RESPONSE
TO PLAINTIFFS' MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200

"Safeguard's interest in protecting its confidential business information outweighs the public's interest in access to court files"). This is particularly true where disclosure of the confidential information is not necessary for the public to "understand [the] allegations" in the FAC. *Cf. The Riverside Publ'g Co. v. Mercer Publ'g LLC*, 2013 WL 1346589, at *10 (W.D. Wash. Apr. 3, 2013) (denying motion to seal where public would not be able to understand allegations). The limited redactions to the FAC will allow the public to understand the nature of Plaintiffs' claims and any ruling by the Court on the plausibility of Plaintiffs' claims.

**Second**, STR's competitive standing will be injured if the terms of its agreements with its customers, as well as specific information regarding its customers, is publicly disclosed. Public disclosure of the terms of STR's agreements with the Hotel Defendants would provide STR's competitors with confidential and commercially sensitive information with which to better compete against STR, and it would negatively impact STR's negotiations with current and prospective customers, who would gain access to the terms on which STR has and is currently doing business with its customers. Decl. ¶ 4.[3] Public disclosure would also reveal STR's confidential business strategies, which would allow competitors to attempt to replicate STR's business. *Id.* ¶ 4. Similarly, information regarding the number of hotels that are STR customers in various geographic markets, and the identities of those customers, could be used by STR's competitors to target STR's customers. Decl. ¶ 5. Courts have recognized that such harm to a company's competitive standing warrants sealing of commercially sensitive information. *See, e.g.*, *Burrows*, 2023 WL 1345429, at *2-3 (granting sealing of "confidential and proprietary information" where there was a "risk of competitive harm through disclosure"); *Northbridge Gen. Ins. Corp.*, 2024 WL 5186827, at *1 (finding compelling reasons to seal "business and financial agreements"); *Replenium Inc., Inc.*, 2025 WL 458839, at *2 (finding compelling reasons to seal contracts because there was "potential harm" from disclosing "the precise suite of services offered" and "the corresponding financial terms"); *Lane*, 2010 WL 11684303, at *2 (holding that defendant's interest in keeping customer information "private and protecting themselves from

---

[3] The Hotel Defendants could also be harmed in their negotiations with competing vendors for benchmarking products by the disclosure of the terms of their agreements with STR.

COSTAR GROUP, INC. AND STR, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200

1  harm to its business" "outweigh the public's interest in accessing this information").

2  ***Third***, the proposed redactions to the FAC, and the sealing of Exhibits 4 to 7, is the least restrictive option to protect STR's proprietary and commercially sensitive information. Only 38 paragraphs of the 267-paragraph, 90-page Amended Complaint are redacted. And, the Exhibits to the FAC that STR seeks to seal are STR's confidential and, in many instances, operative agreements with its customers. *See* FAC Exs. 4-7; Decl. ¶ 3. The portions of the FAC that STR seeks to seal thus include only non-public, commercially sensitive information that, if publicly disclosed, could be used by STR's competitors or customers to gain a competitive advantage over STR, and are "narrowly tailored" to balance STR's interest "in maintaining the confidentiality of business-related and proprietary information with the right of public access." *Fairhaven Health, LLC v. Bio-Origyn, LLC,* 2023 WL 356453, at* 1 (W.D. Wash. Jan. 23, 2023).

## IV. CONCLUSION

For the foregoing reasons, STR respectfully requests that the Court grant Plaintiffs' Motion to Seal, and keep the redacted paragraphs of the FAC and Exhibits 4-7 to the FAC sealed.

COSTAR GROUP, INC. AND STR, LLC'S RESPONSE
TO PLAINTIFFS' MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

7

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200

*I certify that this memorandum contains 2,471 words, in compliance with the Local Civil Rules.*

/s/ *Lawrence E. Buterman*
Lawrence E. Buterman (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020

Sarah M. Ray (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Elyse M. Greenwald (*pro hac vice*)
LATHAM & WATKINS LLP
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067

David L. Johnson (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20001

/s/ *Vanessa Soriano Power*
Vanessa Soriano Power (WSBA No. 30777)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101

*Counsel for Defendants CoStar Group, Inc. and STR, LLC*

COSTAR GROUP, INC. AND STR, LLC'S RESPONSE
TO PLAINTIFFS' MOTION TO SEAL
Case No. 2:24-cv-00229-RSL

8

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
1271 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
+1.212.906.1200