THE HONORABLE ROBERT S. LASNIK

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JEANETTE PORTILLO, *et al.*,

    Plaintiffs,

v.

COSTAR GROUP INC, *et al.*,

    Defendants.

Case No. 2:24-cv-00229-RSL

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

PLS.' NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 2:24-CV-00229-RSL
011190-11/3288629 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Plaintiffs respectfully submit this notice of supplemental authority to bring to the Court's attention the Statement of Interest of the United States of America, filed February 27, 2026, in *In re Frozen Potato Products Antitrust Litigation*, Case No. 1:24-cv-11801 (N.D. Ill.) (Dkt. 266) (attached hereto as Exhibit A). The Statement of Interest was filed by the Antitrust Division of the U.S. Department of Justice and addresses the legal standards governing standalone information-exchange claims under Section 1 of the Sherman Act.

The Frozen Potato SOI addresses both contested issues on Defendants' pending Motion to Dismiss: concerted action and anticompetitive effects.

**Concerted Action.** Defendants argue that Plaintiffs have alleged only bilateral contracts with STR, not an agreement among the Hotel Defendants (Reply at 3–8), and that *Gibson v. Cendyn Group, LLC*, 148 F.4th 1069 (9th Cir. 2025), forecloses Plaintiffs' theory (Reply at 8–9). The Frozen Potato SOI addresses both points. Citing *Container Corp.*, the government explains that sharing information "with the expectation that [a defendant] would be furnished reciprocal information" is "concerted action . . . sufficient to establish [a] combination or conspiracy," and that a third-party intermediary's role "makes no difference." Frozen Potato SOI at 7–9. As for *Gibson*, the SOI states that it "did not limit the ways that plaintiffs could plead concerted action" and notes that the *Gibson* court itself "held that the licensing agreements were concerted action 'within the meaning of Section 1.'" *Id.* at 8 (citing *Gibson*, 148 F.4th at 1080–81). The SOI explains that where, as in *Container Corp.*, competitors share information with the understanding that reciprocal information will be provided, that constitutes concerted action regardless of whether the exchange is facilitated by an intermediary. *Id.* at 9.

**Anticompetitive Effects.** Defendants argue that STR's "aggregated, averaged, and anonymized backward-looking" data is "generally favored" and cannot support an inference of anticompetitive effects. Reply at 10–12. The Frozen Potato SOI addresses this categorical

PLS.' NOTICE OF SUPPLEMENTAL AUTHORITY – 1
CASE NO. 2:24-CV-00229-RSL
011190-11/3288629 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

approach. The government urges the Court not to apply any "presumption in favor of legality," and states that features like disaggregation or the exchange of "current price information" "are not a checklist that every information-sharing claim must satisfy to qualify as anticompetitive." Frozen Potato SOI at 10, 12–13, 15. The determinative question is instead whether the exchange's "tendency is to suppress competition." *Id.* at 14 (quoting *United States v. Am. Linseed Oil Co.*, 262 U.S. 371, 389 (1923)). Notably, the information exchange at issue in *Frozen Potato* involves four producers—a structure comparable to the comp sets of as few as three hotels at issue here.

DATED: March 10, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
*/s/ Theodore Wojcik*
Theodore Wojcik (WSBA No. 55553)
*/s/ Xiaoyi Fan*
Xiaoyi Fan (WSBA No. 56703)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: kellyf@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: riop@hbsslaw.com

*Attorneys for Plaintiffs*


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2026, I caused the foregoing document to be served upon counsel of record via ECF.

DATED: March 10, 2026       /s/ *Steve W. Berman*
                            Steve W. Berman

PLS.' NOTICE OF SUPPLEMENTAL AUTHORITY – 3
CASE NO. 2:24-CV-00229-RSL
011190-11/3288629 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX