THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEANETTE PORTILLO, *et al.*,

                Plaintiffs,

    v.

COSTAR GROUP INC, *et al.*,

                Defendants.

Case No. 2:24-cv-00229-RSL

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. 2:24-CV-00229-RSL
011190-11/3288629 V1



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

Plaintiffs respectfully submit this response to Defendants' Notice of Supplemental Authority (Dkt. 134). *Segal* holds that, under *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697 (7th Cir. 2011), an agreement to share information "does not, without more, plausibly plead the agreement/concerted-action element of a § 1 claim[.]" *Segal* at 7. But the *Omnicare* passage on which *Segal* relies addressed a different question: whether information exchanges during merger due diligence were sufficient circumstantial evidence to infer a "price-fixing agreement." 629 F.3d at 709. That is why *Omnicare* framed the issue in evidentiary terms—whether the exchanges could "help support an inference of a price-fixing agreement"—and cited *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001), the same page on which *Todd* explains that this use of information-exchange evidence is "analytically distinct" from a standalone claim "where the violation lies in the information exchange itself." 275 F.3d at 198.

Notably, *Omnicare* recognized this distinction: in footnote 2, it acknowledged the existence of a standalone "information exchange" theory as an "'analytically distinct' type of claim," and declined to analyze the at-issue exchanges under that theory only because "Omnicare did not allege a distinct 'information exchange' claim in its amended complaint." 629 F.3d at 709 n.2 (citing *Todd*, 275 F.3d at 198–99). *Segal*'s characterization of *Omnicare* as involving a "*Container Corp.* information-sharing claim," *Segal* at 6, is thus inconsistent with the Seventh Circuit's own statement that Omnicare did not actually allege such a claim, and rests on a misreading of the case it treats as controlling.

The result is that *Segal* collapses the distinction between these two theories—effectively requiring plaintiffs bringing standalone information exchange claims to plead a price-fixing agreement that, by definition, a standalone claim does not require. On the standalone theory—which Plaintiffs advance here—the concerted action is the reciprocal exchange, not a separate price-fixing agreement to be inferred from it. The Supreme Court held precisely this in *United*

PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY – 1
CASE NO. 2:24-CV-00229-RSL
011190-11/3288629 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

*States v. Container Corp. of Am.*, 393 U.S. 333, 335 (1969), where defendants' mutual exchange of information "with the expectation that [each] would be furnished reciprocal information" was "of course sufficient to establish the combination or conspiracy, the initial ingredient of a violation of § 1." The DOJ's Statements of Interest in *Frozen Potato Products* and *Pork*, already before this Court, confirm this framework.

DATED: April 2, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
*/s/ Theodore Wojcik*
Theodore Wojcik (WSBA No. 55553)
*/s/ Xiaoyi Fan*
Xiaoyi Fan (WSBA No. 56703)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: kellyf@hbsslaw.com

Rio S. Pierce (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: riop@hbsslaw.com

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY – 2
CASE NO. 2:24-CV-00229-RSL
011190-11/3288629 V1



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE    (206) 623-0594 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, I caused the foregoing document to be served upon counsel of record via ECF.

DATED: April 2, 2026

/s/ *Steve W. Berman*
Steve W. Berman

